UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTISAN AND TRUCKERS CASUALTY COMPANY | § § § | |
|     Plaintiff, | § § | CASE NO. _4:24-cv-02789__ |
| v. | § § | |
| | § | |
| BULLDOG TRUCKING, LLC; THE | § | |
| CONTINENTAL INSURANCE COMPANY; | § | |
| RICHARDSON STEVEDORING & | § | |
| LOGISTICS SERVICES, INC.; and | § | |
| NOLAN TRANSPORT GROUP, LLC | § | |
|     Defendants. | § | |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Artisan and Truckers Casualty Company ("Artisan") and file this Complaint for Declaratory Judgment against Defendants Bulldog Trucking, LLC ("Bulldog"); The Continental Insurance Company ("CNA"); Richardson Stevedoring & Logistics Services, Inc. ("Richardson"); and Nolan Transport Group, LLC ("Nolan") pursuant to 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57, and would show the following:

**THE PARTIES**

1.     Artisan is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio.

2.     Defendant Bulldog is an Oregon limited liability company with power to sue and be sued which is regularly doing business in Texas and the United States and is a motor common carrier of goods for hire with USDOT number 2831545/MC-946173, and a principal place of business of 6352 SE Mark Road, Prineville, Oregon 97754. Bulldog does not have a registered agent listed with the Texas Secretary of State upon whom service can be made. Therefore, Bulldog may be served with process

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**                          **Page 1**

by and through the Texas Secretary of State pursuant to TEX. CIV. PRAC. & REM. CODE § 17.042 or

17.044 or its member Gail Roseann Wilson at its business address or c/o its registered agent, United States

Corporation Agents, Inc., 401 NE 19th Avenue, Suite 200, Portland, Oregon 97232.

3.      Defendant CNA is headquartered in Chicago, Illinois, with a U.S. domestic office

and Pennsylvania corporate registration with a corporate office located at 151 N. Franklin St., Chicago,

IL 60606. It may be served with citation through its registered agent for service, CT Corporation System,

1999 Bryan St., Dallas, Texas 75201-3136.

4.      Defendant Richardson is a Texas corporation doing business in the Port of Houston with

its principal place of business in Galena Park, Texas, performing stevedoring, storage/warehousing, product

handling, and rail and motor carrier loading services for hire with an office and facility located at 2333

Clinton Drive, Galena Park, Texas 77547-2623.  Richardson has a registered agent listed with the Texas

Secretary of State upon whom service can be made: CT Corporation System, 1999 Bryan Street, Suite

900, Dallas, Texas 75201.

5.      Defendant Nolan is a Delaware limited liability company with power to sue and be sued

which is regularly doing business in Texas and the United States and is a motor common carrier of goods

for hire with USDOT number MC-567093 and a principal place of business of 400 Northridge Road,

Suite 1000, Atlanta, Georgia 30350. Nolan does not have a registered agent listed with the Texas

Secretary of State upon whom service can be made. Therefore, Nolan may be served with process by

and through the Texas Secretary of State pursuant to TEX. C1v. PRAC. & REM. CODE §17.042 or

17.044 or c/o its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia

30046-4805.

## VENUE AND JURISDICTION

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**                                                   **Page 2**

6.     Jurisdiction exists for the purpose of determining a question of actual controversy between the parties under 28 U.S.C. §1332 and 28 U.S.C. §2201 *et seq.*  The jurisdiction of this Court is based upon the complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In the Underlying Lawsuit on which this lawsuit is based, Underlying Plaintiff CNA is seeking $93,025.48 plus attorneys' fees and other damages. That Underlying Lawsuit is styled *The Continental Insurance Company v. Richardson Stevedoring & Logistics Services, Inc. et al,* Civil Action No 4:24-cv-00214 in the United State District Court, Southern District of Texas.

7.     Venue is proper in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claim occurred, and in which the Underlying Lawsuit that is the basis of this suit is being litigated.

## FACTUAL BACKGROUND

### A.     The Underlying Lawsuit

8.     The Plaintiff in the Underlying Lawsuit is Defendant CNA, as the insurer subrogee of Sinobec Resources, LLC ("Sinobec").  According to the Original Complaint in the Underlying Lawsuit in the Southern District of Texas, the suit involves a claim for cargo damage to 6 aluminum alloy 5052-432 .063" x 48" coils that arrived at the Port of Houston by ocean transport in March 2022 and then were stored and loaded at Galena Park onto trucks and sent to the customer in Sumner, Washington. [Exh. A at 3-4] The coils were allegedly in the care, custody or control of Defendant Richardson Stevedoring & Logistics Services, Inc. *Id.* Three coils were loaded on skids on the flatbed trailers of two motor carriers and then transported to Sumner. *Id.* at 4. One of the carriers was Bulldog Trucking, Inc. and the other was Defendant GTR Transport, LLC ("GTR").

*Id.* The two loads were allegedly loaded by employees of the two motor carriers and Richardson. Richardson issued straight bills of lading for the two carriers. *Id.*

9.     Sinobec contracted with Nolan Transport Group, LLC for interstate transport for two transports for $7,800 each, which were paid by Sinobec. *Id.* The cargo arrived at Ken-Mac Metals in Sumner on or about March 22, 2022 and the coils were noted to be rusted and contaminated by road grime that was purportedly caused by improper pre-shipment storage and improper tarping/preparation for the transit. *Id.* That allegedly resulted in damage to the cargo. CNA alleges that it issued a policy of insurance providing that it would indemnify Sinobec against loss to any cargo in transit. *Id.* at 5. As a result of the damage to the coils, CNA allegedly paid Sinobec the sum of $76,011.32, inclusive of a $5,000.00 deductible and claims expenses of $1,414.16. *Id.*

10.     CNA has sued Bulldog and the other underlying defendants under Carmack for the defendants' failure to deliver the cargo in good shape. In the alternative, CNA has sued Bulldog, GTR and NTG for breach of contract and negligence and seeks damages for the coils.

**B.     The Policy issued by Artisan to Bulldog**

11.     Artisan and Truckers Casualty Co. issued to Bulldog Trucking LLC a Commercial Auto policy numbered 08451077 and effective from December 23, 2021 to December 23, 2022 (the "Policy"). The Policy has combined single liability limits of $1,000,000.00 and Cargo limits of $100,000.00, with a deductible of $1,000.00. The Policy lists Karl Catterson as a rated driver. Listed covered autos are: 2011 Volvo VNL (8227); 2020 Utility Trailer (0813). The relevant portions of the Policy, are as follows:

COMMERCIAL AUTO POLICY
GENERAL DEFINITIONS

The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.

* * *

9. "Loss" means sudden, direct and accidental loss or damage.

* * *

MOTOR TRUCK CARGO LEGAL LIABILITY
COVERAGE ENDORSEMENT

INSURING AGREEMENT--LOSS TO COVERED PROPERTY
Subject to the Limit of Liability, if you pay the premium for this Motor Truck Cargo Legal Liability Coverage, we will pay for the direct physical loss to covered property that you are legally liable to pay as a trucker under a written: bill of lading, tariff document, rate confirmation sheet, shipping receipt, or contract of carriage. For this coverage to apply, the covered property must, at the time of loss, be in your exclusive physical custody and control:

  1. while in due course of transit in, on, or attached to an insured auto; or
  2. during loading or unloading.

Coverage applies for loss to covered property only if the loss is caused by a covered peril. For covered property that is your property, our payment is not contingent upon your liability.

We have the option to settle or defend any claim or lawsuit for damages covered by this endorsement. However, we have no duty to defend you against any lawsuit to which this insurance does not apply. We have no duty to settle or defend any lawsuit, or make any additional payments, after the limit of liability for this covered property coverage has been exhausted by payment of judgments or settlements.

EXCLUDED PERILS
Excluded Perils: Please read the following list of excluded perils carefully. Coverage will not be afforded under this Motor Truck Cargo Legal Liability Coverage endorsement for these types of perils. We will not pay for any losses to covered property or business equipment caused by, resulting in or from, or arising out of these excluded perils regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

* * *

g. Wetness, Breakdown, Temperature, Humidity
(i) Mechanical or electrical breakdown or failure including breakdown or failure of a refrigeration unit or its associate component parts, or heating equipment installed in a cargo component; or
(ii) Wetness, humidity, dampness, dryness, or changes in or extremes of temperature unless it results from damage to an insured auto.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**                                    **Page 5**

However, this Excluded Peril does not apply to loss caused by a fire or explosion if such fire or explosion would be covered under this endorsement.

* *

m. Corrosion, Contamination
We will not pay for corrosion, contamination, marring or scratching to any covered property or business equipment unless it results from damage to an insured auto.

**D.**    **Coverage for Bulldog under the Policy for the Underlying Lawsuit**

12.     It is the position of Artisan that no coverage is provided for Bulldog under the Policy for the Underlying Lawsuit for several reasons. The claims in the Complaint in the Underlying Lawsuit do not fall within the general insuring agreement of the Policy for the reason that the definition of "loss" requires that there be a "sudden, direct and accidental loss or damage." The damage to the coils in question allegedly occurred over a period of time and not suddenly. Further, exclusion g. precludes coverage because it excludes damage caused by "Wetness, humidity, dampness, dryness, or changes in or extremes of temperature unless it results from damage to an insured auto." Finally, coverage is precluded under exclusion m. since that exclusion eliminates coverage for damage caused by "corrosion, contamination, marring or scratching … unless it results from damage to an insured auto." Artisan is currently defending Bulldog in the Underlying Lawsuit under a reservation of rights letter.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

13.     The allegations set forth in paragraphs one through twelve are incorporated by reference as though fully set forth herein.

14.     Coverage was tendered to Artisan and sought for Bulldog under the Policy. Artisan believes that coverage is excluded but is providing a defense for the Underlying Lawsuit for Bulldog under a complete reservation of its rights under the Policy.

15.     Artisan would show that no duties under the Artisan Policy are owed to Bulldog in the Underlying Lawsuit for the reasons set out herein in Paragraph 12 above.

16.     Therefore, Artisan seeks a determination by this Court of the rights and duties of Artisan under the Policy, and it requests that the Court issue an order stating that Artisan has no duty of defense and/or indemnity to Bulldog under the Policy for the claims made against Bulldog by Defendant CNA in the Underlying Lawsuit.

## JUSTICIABLE INTEREST

17.     An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201 *et seq.*, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Artisan and Truckers Casualty Company prays that upon final trial hereof, judgment will be rendered declaring that:

1.     Plaintiff Artisan and Truckers Casualty Company owes no duty of defense or indemnity to Bulldog Trucking, LLC under the Policy issued to Bulldog for the claims made against Bulldog by CNA in the Underlying Lawsuit;

2.     Such other and further relief to which Plaintiff is entitled or will ever pray.

Respectfully submitted,

**COX PLLC**

Respectfully submitted,

**CLINTON V. COX**
State Bar No. 24040738
ccox@coxpllc.com
**STEVEN R. SHATTUCK**
State Bar No. 18133700
sshattuck@coxpllc.com

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**                          **Page 7**

8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
214-444-7050
469-340-1884 [Fax]
**ATTORNEYS FOR PLAINTIFF**
**ARTISAN AND TRUCKERS**
**CASUALTY COMPANY**